```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/23/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,                :
                                         :
        -against-                        :    19-CR-212 (VEC)
                                         :
SILVESTRE MAHON,                         :    ORDER
                                         :
                        Defendant.       :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On October 5, 2022, Silvestre Mahon, proceeding *pro se*, moved for compassionate release pursuant to 18 U.S.C. § 3582(c). Mot., Dkt. 326. Mr. Mahon's motion referenced several exhibits, none of which was attached to his motion. The Court ordered Mr. Mahon to file any exhibits that he wished the Court to consider and further ordered the Government to file its response, the last two years of Mr. Mahon's medical records, and his full prison disciplinary and education records by December 15, 2022. Dkt. 327. On December 15, 2022, the Government filed the required records and moved to extend its time to respond to the motion to December 23, 2022; the Court granted the extension request. Dkts. 330, 331. On December 23, 2022, the Government opposed Mr. Mahon's motion arguing, *inter alia*, that Mr. Mahon had failed to exhaust his administrative remedies. *See* Gov. Opp., Dkt. 332.

On January 27, 2023, the Court received Mr. Mahon's reply[1] in which he asserted, *inter alia*, that he had exhausted his administrative remedies. Def. Reply, Dkt. 335. He attached a

---

[1] On January 18, 2023, the Court received a letter from Mr. Mahon, dated January 11, 2023, moving for default judgment against the Government because it allegedly failed to respond to his motion by December 23, 2022. *See* Def. Letter, Dkt. 334. It seems as though the Government's response to the motion and Mr. Mahon's "motion for default" crossed in the mail.

copy of a letter to the Warden of Butner, dated August 17, 2022, in which he sought transfer to home confinement.  Def. Reply at 10.[2]

This Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine (i) whether extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), *United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020); *United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020).  For the reasons stated below, Mr. Mahon's motion is DENIED.

### I. No Extraordinary and Compelling Reason Exists to Reduce Mr. Mahon's Sentence

Mr. Mahon's motion for compassionate release is DENIED.  Putting aside whether he has, in fact, exhausted his administrative remedies,[3] Mr. Mahon has failed to demonstrate an "extraordinary and compelling reason" justifying a reduction in his sentence, 18 U.S.C. § 3582(c)(1)(A)(i), or that a reduction would be consistent with the section 3553(a) factors.

Mr. Mahon contends that the conditions of the COVID-19 pandemic, in combination with the conditions of incarceration at the Satellite Camp of FCI Butner Medium I and his own pre-existing health conditions, amount to an extraordinary and compelling reason for a sentence reduction.  Mot. at 2–3, 5–7, 10.  In particular, Mr. Mahon alleges that his heart disease and

---

[2]     Because Mr. Mahon's reply includes several unnumbered exhibits, the Court uses the ECF pagination in citing to the reply.

[3]     It is not at all clear to the Court that the letter to the Warden was a request for compassionate release.  By its terms it appears only to be a request to be released to home confinement as authorized by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 515–16 (2020), not a request for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239–40 (2018).  The Court will, however, assume that request qualifies under the First Step Act and will consider the motion on the merits.

multi-organ sarcoidosis would make any COVID-19 infection a possible "death sentence." Mot. at 6.

The Court notes that, at the time of sentence, Mr. Mahon's health conditions were known to the Court and the COVID-19 situation was even more dire than it is today; at that time there was neither a widely available vaccine nor effective therapeutics. Those factors were all considered at the time sentence was imposed. *See* Sentencing Tr., Dkt. 336 at 20.

Moreover, Mr. Mahon had a COVID-19 infection in May 2020, from which he recovered, and has received both doses of the Moderna COVID-19 vaccination. *See* Sealed R. at 16, 324. Mr. Mahon received a COVID-19 booster on December 15, 2021.[4] *See id*. at 366. There is no indication in Mr. Mahon's medical records that he has received a second booster, despite the CDC recommendation that everyone receive a booster in Fall 2022.[5]

Although Mr. Mahon's sarcoidosis and heart disease place him at greater risk of severe illness if he contracts COVID-19, those health conditions, even in combination with increased risk of contracting COVID-19 while incarcerated, do not constitute an extraordinary and compelling reason to reduce his sentence. There is obviously a greater risk of contracting COVID-19 if one is living in a congregate setting than if one is living in a single-family home or apartment. But despite the public health challenges inherent in congregate settings, FCI Butner Medium I, where Mr. Mahon is currently incarcerated, appears to be effectively managing the

---

[4] Mr. Mahon asserts that he initially refused the COVID-19 booster because the CDC guidelines in effect at that time recommended waiting six months after the second shot of the primary vaccination series to receive a booster. Def. Reply, Dkt. 335 at 2. The Court notes, however, that the current CDC guidelines state that adults may receive a Moderna or Pfizer booster as soon as two months after completing the Pfizer or Moderna primary vaccination series. *See Interim Clinical Considerations for Use of COVID-19 Vaccines Currently Approved or Authorized in the United State*, CDC (Mar. 16, 2023), https://www.cdc.gov/vaccines/covid-19/clinical-considerations/interim-considerations-us.html#table-02.

[5] *See CDC Recommends the First Updated COVID-19 Booster*, CDC (Sept. 1, 2022), https://www.cdc.gov/media/releases/2022/s0901-covid-19-booster.html.

situation: as of the date of this decision, no inmate and only one staff member at the facility is currently testing positive for COVID-19.[6] Moreover, because Mr. Mahon has been vaccinated and boosted, any risk of severe illness from COVID-19 is now manageable even with his health conditions.

Mr. Mahon also asserts that the Bureau of Prisons ("BOP") has not adequately treated his various health problems. Mot. at 7. The only example to which he points of purportedly inadequate medical care is a delay in a follow-up appointment with an endocrinologist to address his osteoporosis. *See* Def. Reply at 2. Mr. Mahon's medical records reflect that he was due for a follow-up appointment on December 28, 2022; Mr. Mahon represents that, as of January 17, 2023, he had not been taken to that appointment. *See id.*; Sealed R. at 259. A delay of less than one month, especially during the holiday season when medical providers may operate with reduced hours, is not a denial of adequate medical care; even non-incarcerated patients frequently experience similar delays in obtaining appointments with specialists.[7]

A review of Mr. Mahon's medical records indicates that the BOP is regularly monitoring Mr. Mahon's underlying conditions and is providing appropriate care. Accordingly, Mr. Mahon has failed to demonstrate that he has the sort of serious medical condition that would warrant compassionate release.

Mr. Mahon also argues that compassionate release is appropriate because he has completed various education programs. Mot. at 8. The Court is encouraged by the fact that Mr. Mahon's record does not reflect any disciplinary issues and that he has taken an interest in

---

[6]   *See* Fed. Bureau of Prisons, *Coronavirus*, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited Mar. 23, 2023).

[7]   *See Appointment Wait Times Increase Across Specialties, But Not in Family Medicine*, Am. Acad. of Fam. Phys. Quick Tips, A Blog from *FPM J*. (Oct. 3, 2022), https://www.aafp.org/pubs/fpm/blogs/inpractice/entry/wait-times.html (noting that the average appointment wait time across a sampling of specialties was 26 days in 2022).

4

educational courses; the Court urges Mr. Mahon to continue to take advantage of the various educational and training programs available to him. *See* Sealed R. at 1.[8] Rehabilitation, by itself, however, "shall not be considered an extraordinary and compelling reason" to reduce a sentence. 28 U.S.C. § 994(t); *see also Brooker*, 976 F.3d at 237–38. To find otherwise would convert the process for obtaining compassionate release into a de facto parole system, through which defendants with good behavior are rewarded with sentence reductions. That was not Congress' intent when it changed the law to allow incarcerated defendants to apply directly to the sentencing judge for a reduction of sentence.

## II. A Sentence Reduction Is Inconsistent with the Section 3553(a) Factors

Even if Mr. Mahon had shown an "extraordinary and compelling reason," a sentence reduction would be inconsistent with the relevant section 3553(a) factors. Mr. Mahon's crime was undoubtedly serious. Sentencing Tr. at 16–17. A substantial sentence was warranted to deter Mr. Mahon, who has multiple prior convictions for drug dealing, from committing future crimes. *See id*. at 3, 18–19; Gov. Opp. at 10. If the Court were to grant Mr. Mahon's motion, it would reduce his sentence by approximately half, from five years to roughly two and a half years — only slightly longer than his previous sentence for drug dealing. *See* J. and Conviction, Dkt. 249 at 2. A sentence of less than five years would not adequately reflect the seriousness of Mr. Mahon's offenses, would not adequately deter him from committing future crimes, and would create substantial unwarranted disparities from the other sentences imposed in this case.

---

[8] Continuing to conduct himself in accordance with the rules of the facility and to participate in programming to address his needs may benefit Mr. Mahon, pursuant to the First Step Act, in terms of an earlier than otherwise scheduled release to home confinement or a halfway house.

For all of these reasons, Mr. Mahon's motion for a sentence reduction is DENIED. Mr. Mahon's motion for default judgment against the Government is DENIED, as default judgment is unavailable on a motion for compassionate release.

The Clerk of Court is respectfully directed to terminate the open motions at docket entries 326 and 334. The Clerk is further directed to mail a copy of this order to Silvestre Mahon, Reg. 86767-054, FCI Butner Medium I, Federal Correctional Institution, Satellite Camp, P.O. Box 1000, Butner, NC 27509, and to note the mailing on the docket.

**SO ORDERED.**

Date: March 23, 2023
New York, NY

**VALERIE CAPRONI**
**United States District Judge**